**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PING SHUN CORPORATION,

        Plaintiff-Appellee,

v.

IMPERIAL PACIFIC INTERNATIONAL
(CNMI), LLC,

        Defendant-Appellant.

No. 21-15836

D.C. No. 1:20-cv-00012

MEMORANDUM[*]

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted July 6, 2022
Honolulu, Hawaii

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Imperial Pacific International (CNMI), LLC ("IPI") appeals the district

court's summary judgment in favor of Ping Shun Corporation ("Ping Shun") on an

account stated claim for $443,900.50 arising out of a food services contract. While

this appeal was pending, IPI filed a motion for indicative relief under Federal Rule

of Civil Procedure ("Rule") 62.1 on a motion for relief from judgment under Rule

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

60(b) based on newly discovered evidence of fraud. We have jurisdiction over the district court's summary judgment order under 28 U.S.C. § 1291, and we vacate and remand.

1. To obtain relief from judgment under Rule 60(b)(2), the moving party must show (1) evidence that is "newly discovered," (2) the moving party "exercised 'due diligence' to discover this evidence," and (3) "the newly discovered evidence must be of such magnitude that the production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987); *see also* Fed. R. Civ. P. 60(b)(2). The district court found that IPI's evidence was "newly discovered" and could not "have been discovered with reasonable diligence." *See Coastal Transfer Co.*, 833 F.2d at 212. But the district court denied IPI's motion because it concluded that IPI failed to meet the third factor—that the new evidence would likely change the summary judgment ruling. We conclude that the district court erred in its analysis of the third factor.

An account stated claim requires a statement of an account and an express or implied manifestation of assent. Restatement (Second) of Contracts § 282 (1981); *see also* 7 N. Mar. I. Code § 3401. IPI's newly discovered evidence, assuming it is admissible, suggesting that Ping Shun fraudulently inflated the number of meals it provided may raise a dispute of fact as to the validity of the account stated and

2

IPI's manifestation of assent, which would preclude summary judgment in Ping Shun's favor. *See Assoc. Petroleum Prods., Inc. v. Nw. Cascade, Inc.*, 203 P.3d 1077, 1081-82 (Wash. Ct. App. 2009). We therefore vacate summary judgment for the district court to determine whether triable issues of fact exist in light of the new evidence.

2.      We note that the district court failed to rule on IPI's evidentiary objections to the declaration of Shun Lin Zeng proffered by Ping Shun in opposition to IPI's Rule 60(b) motion but appeared to consider this conflicting evidence. A trial court can only consider evidence "that would be admissible" at trial in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c)(2); *cf. Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021) ("If the contents of a document can be presented in a form that would be admissible at trial—for example, through live testimony by the author of the document—the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment.") (citation omitted). We do not determine whether Ping Shun's evidence is admissible. The district court should rule on IPI's evidentiary objections in the first instance.

**VACATED AND REMANDED.**